# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 0913

## and

## 2023 CW 0692

ANTHONY GALLO

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **MAY** 2 3 2024

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 722098

Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Anthony Gallo<br>Angie, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Jonathan R. Vining<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

\* \* \* \* \* \*

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**McCLENDON, J.**

The plaintiff, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a district court judgment dismissing his petition for judicial review. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Anthony Gallo is an inmate currently incarcerated at Rayburn Correctional Center in Angie, Louisiana, serving an eighteen-year sentence for the offense of vehicular homicide, a violation of LSA-R.S. 14:32.1. The offense occurred on March 17, 2018, and resulted in a conviction and sentence on July 29, 2019. Additionally, Mr. Gallo previously committed the offense of attempted aggravated rape on September 29, 1985, for which he was sentenced on October 30, 1986, following a jury trial. At the time of the 2018 offense, vehicular homicide was listed as a crime of violence, when the operator's blood alcohol concentration exceeds .20 percent. See LSA-R.S. 14:2(B)(46). Also, at the time of the 2018 offense, attempted aggravated rape was listed as a crime of violence. See LSA-R.S. 14:2(B)(9).

On August 9, 2022, Mr. Gallo filed a Petition for Judicial Review of the final agency decision of DPSC in Administrative Remedy Procedure (ARP) No. ARDC-2020-67, in accordance with LSA-R.S. 15:1171, *et seq.* Therein, Mr. Gallo argued inaccuracies in his master prison record regarding jail credits, parole eligibility, and good time. Specifically, Mr. Gallo argued that the 1985 sex offense, which was used as a crime of violence with his 2018 offense to deny him good time eligibility under Act 150 of the 1994 regular legislative session, should not be used as a crime of violence, since the 1985 offense was committed before the enactment of Act 150. Therefore, according to Mr. Gallo, his only crime of violence was the vehicular homicide conviction. Mr. Gallo sought relief for good time eligibility without the restrictions of Act 150 and also for parole eligibility at 75% of the imposed sentence.

After service, DPSC filed an answer as well as the entire administrative record of ARP No. ARDC-2020-67 into the record. The record shows that Mr. Gallo pursued the administrative remedy procedure through the required steps. In the first step, DPSC recognized that there were inaccuracies in Mr. Gallo's master prison record, determining

2

that Mr. Gallo's time computation pursuant to Act 280 of 2017 was incorrect, as Mr. Gallo's sex offense was committed in 1985, which was not listed as crime of violence at that time. Therefore, in the first step response, it was determined that Mr. Gallo would serve his time under Act 1099, with parole eligibility after serving 85% of his imposed sentence. A new prison record was attached to the response, and Mr. Gallo's request for administrative remedy was denied.

In the second step response, DPSC determined that Mr. Gallo's jail credit was correct as calculated, that his parole eligibility date was correct at 85% of his sentence, but that the good time Act was incorrect. Because both of Mr. Gallo's offenses in 2018 were enumerated crimes of violence under LSA-R.S. 14:2, DPSC found that Mr. Gallo was serving his second conviction for a crime of violence. Accordingly, DPSC determined that LSA-R.S. 15:571.3 prohibited the earning of regular good time (or diminution of sentence) by Mr. Gallo, as provided under Act 150 of 1994.[1] In the second step response, DPSC granted Mr. Gallo's request in part and corrected the time computation to show it was under Act 150, without the benefit of regular good time.

On September 30, 2022, after Mr. Gallo filed his petition for judicial review, DPSC issued an amended second step response. With regard to parole eligibility, DPSC found that Mr. Gallo's release date under Act 280 of 2017 was calculated at 85% in error and that pursuant to LSA-R.S. 15:574.4(A)(1)(b)(i), Mr. Gallo was entitled to parole eligibility after serving 75% of his sentence.[2] As to his good time calculation, DPSC found that Mr. Gallo was not entitled to regular good time, finding Act 280 of 2017 not applicable because of Mr. Gallo's prior conviction for a crime of violence. DPSC stated that "[i]t does not matter the date you were convicted of your first crime of violence. Therefore, based on your second conviction of a crime of violence, your good time falls under Act 150 of

---

[1] At the time of Mr. Gallo's 2018 offense, LSA-R.S. 15:571.3(D)(1) provided that "[d]iminution of sentence shall not be allowed an offender in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined by R.S. 14:2(B)."

[2] Louisiana Revised Statutes 15:574.4(A)(1)(b)(i) provides:

> A person, otherwise eligible for parole, whose instant offense is a second conviction of a crime of violence as defined in R.S. 14:2(B) or a first or second conviction of a sex offense as defined in R.S. 15:541 shall be eligible for parole consideration upon serving seventy-five percent of the sentence imposed. A person convicted a third or subsequent time of a crime of violence as defined in R.S. 14:2(B) or a third or subsequent time of a sex offense as defined in R.S. 15:541 shall not be eligible for parole.

3

1994 and you are not eligible to earn good time." DPSC found Mr. Gallo's time computation to be correct, and denied his request for relief.

On March 30, 2023, the Commissioner issued its report and recommendation.[3] Noting that three different prison rap sheets were issued between the first step response, second step response, and the amended second step response, the Commissioner understood why Mr. Gallo was questioning the validity of his time computation. However, the Commissioner agreed with DPSC's amended second step response and found that Mr. Gallo presented no evidence, statutory law, or case law to show that his current offense is not his second crime of violence conviction. The Commissioner concluded that Mr. Gallo failed to establish that DPSC's decision was arbitrary, capricious, manifestly erroneous, or in violation of his statutory or constitutional rights.[4] Therefore, the Commissioner recommended that the district court affirm DPSC's final agency decision and dismiss Mr. Gallo's appeal with prejudice at his costs.

On May 16, 2023, after a careful *de novo* consideration of the entire record, the district court signed its judgment, adopting the Commissioner's report as its reasons and dismissing Mr. Gallo's appeal of ARP No. ARDC-2020-67, with prejudice, at his costs. Mr. Gallo has appealed the district court's judgment.[5]

## DISCUSSION

In this appeal, Mr. Gallo contends that his vehicular homicide conviction should not be considered a second crime of violence because his 1985 offense of attempted aggravated rape was not considered a crime of violence until the enactment of Act 150 in 1994. Mr. Gallo also maintains that the retroactive application of the law results in a violation of the *ex post facto* clauses in the United States and Louisiana constitutions.

---

[3] In its report, the Commissioner noted the rule to show cause requesting Mr. Gallo to explain why he was seeking review of a June 2020 final decision by DPSC two years after the decision. Mr. Gallo explained that the delay was due to the COVID pandemic, his transfer between facilities, and the loss of documents he sent off for copying. The Commissioner stated that because his petition was a request to review a time computation, it would allow the matter to proceed.

[4] We note that the scope of the court's review is limited by LSA-R.S. 15:1177.

[5] Mr. Gallo also filed an application for supervisory writs, seeking review of the May 16, 2023 judgment. On October 10, 2023, this court referred the writ application to this panel for consideration. See **Gallo v. Louisiana Department of Public Safety and Corrections**, 2023-0692 (La.App. 1 Cir. 10/10/23) (unpublished). Because the judgment is a final, appealable judgment, and the writ application raises the same issues raised in the appeal, we need not address the writ application and we deny the writ application as moot. See **In re Durham**, 2011-2239 (La.App. 1 Cir. 8/27/12), 2012 WL 3758234, *2 n.9 (unpublished).

4

It is well settled that the law in effect at the time of the commission of the offense determines the penalty imposed upon a person convicted of that offense. **Massey v. Louisiana Department of Public Safety and Corrections**, 2013-2789 (La. 10/15/14), 149 So.3d 780, 783. Once a sentence is imposed, any change in the law that later occurs cannot be applied to the convicted person to increase that sentence. **Dixon v. Louisiana Department of Public Safety and Corrections**, 2014-1400 (La.App. 1 Cir. 4/24/15), 2015 WL 1882609, *1 (unpublished). At the time Mr. Gallo committed vehicular homicide in 2018, both vehicular homicide, when the operator's blood alcohol concentration exceeded .20 percent, and attempted aggravated rape were classified as crimes of violence under LSA-R.S. 14:2(B). Therefore, Mr. Gallo was not eligible for good time on his vehicular homicide sentence. See LSA-R.S. 15:571.3(D). Further, as Mr. Gallo has only been denied eligibility to seek an early release from the physical custody of the DPSC, his criminal penalty for vehicular homicide has not been increased. Thus, in 2018, Mr. Gallo was on notice that he would not be eligible for good time if he committed another crime of violence, and DPSC's denial of good time on his vehicular homicide sentence does not constitute an *ex post facto* violation. See **Marquez v. Louisiana Department of Public Safety and Corrections**, 2023-0688 (La.App. 1 Cir. 12/27/23), ___ So.3d ___, ___, 2023 WL 8906434, *2; **Victorian v. Louisiana Department of Public Safety and Corrections**, 2016-0523 (La.App. 12/22/16), 2016 WL 7409243, *2 (unpublished), writ denied, 2017-0517 (La. 5/25/18), 242 So.3d 1231; **Dixon**, 2015 WL 1882609 at *1. After a thorough review of the record of these proceedings, we find no error in the judgment of the district court.

## CONCLUSION

For the foregoing reasons, we affirm the May 16, 2023 judgment of the district court. The costs of this appeal are assessed to Anthony Gallo.

**WRIT DENIED; JUDGMENT AFFIRMED.**